## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

HUTCHINSON CONSULTANTS PC;  :
and DR. LESLIE HUTCHINSON,    :
                              :
      Plaintiffs,           :   CIVIL ACTION
                              :
      v.                    :   NO. 1:13-CV-3560-JEC
                              :
FEDERAL OCCUPATIONAL          :
HEALTH; et al.,               :
                              :
      Defendants.           :

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS

Hutchinson Consultants PC ("HC") and Dr. Leslie Hutchinson ("LH"), primary owner of HC, brought this action against Federal Occupational Health ("FOH"), an agency of the Department of Health and Human Services ("HHS"), and an unknown person -- John or Jane Doe in both individual and official capacities.  Plaintiffs allege the defendants wrongfully terminated HC's contract without due process and in violation of Equal Protection rights, and committed acts constituting torts under Georgia law[1] of interfering with or depriving plaintiffs of business opportunities and of communicating to others "the alleged breach or leak" by plaintiffs of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  FOH is entitled to dismissal of all claims asserted against it directly or indirectly through official capacity claims against any

---

[1] Tort claims against the United States, based on conduct of its employees in performance of their employment are subject to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*

FOH employee.[2]  FOH also seeks dismissal of tort claims against any FOH employee based on plaintiff's allegation that the unknown individual capacity defendant was acting as a federal employee with authority to act at the relevant time.[3]  (Complaint ¶ 7).

## I.  BACKGROUND INFORMATION

Plaintiffs aver that the FOH is a non-appropriated funds agency of HHS that provides services to other federal agencies, including employee "medical qualifications and return-to-work clearances" ("clearances").  (Court Record Docket Entry ("Doc.")  [1] (Complaint) ¶¶ 6, 13).  HC, through work by LH, performed some of the clearances prior to May 17, 2013.  (Complaint ¶¶ 22, 66-

---

[2] The United States, while not a party joined in this action, is the real party in interest for claims against federal employees named as defendants in their official capacities, because the relief requested by plaintiffs "would expend itself on the public treasury or domain." *Dugan v. Rank*, 372 U.S. 609 (1963), (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947); and *Larson v. Domestic & Foreign Corporation*, 337 U.S. 682, 704 (1948)).  "A suit against a defendant in his official capacity is synonymous with a claim against the sovereign or entity for whom the defendant acts . . . ."  *Ruble v. King*, 911 F.Supp. 1544, 1552 (N.D.Ga. 1995) (citing *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989)).

[3] In appropriate non-tort cases, the Department of Justice may represent an individual capacity defendant who was a federal employee and was acting within course and scope of federal employment at the time of the acts or omissions giving rise to a plaintiff's claims.  However, the individual must be identified, he or she must submit a request for Department of Justice representation, and the request must be approved.  At this time, the John or Jane Doe defendant sued individually has not been identified or served, and no employee has requested or been granted representation for the individual capacity claims against defendant Doe.  Therefore, this motion does not address those individual capacity claims in Counts 4 to 6 of the Complaint against individual capacity defendant Doe.

In tort actions against a federal employee, if it is determined that the federal employee was acting within scope of federal employment, the FTCA provides the plaintiff's exclusive remedy.  28 U.S.C. § 2679(a), (b)(1).

76). The unknown "Doe" defendant is alleged to be an employee of FOH who had authority to act for the agency. (Complaint ¶ 7).

Plaintiffs claim that as of May 2013, FOH contracted with InGenesis, Inc. ("InGen") to provide clearances; InGen subcontracted STG International ("STG") to provide all or a portion of the clearances. (Complaint ¶ 18). "STG engaged Plaintiff HC to assist" in providing some clearances, which resulted in a series of contracts between STG and HC. (Complaint ¶¶ 19-20). LH, working through HC, performed some of the clearances. (Complaint ¶ 22).

Plaintiffs allege that HC's last contract with STG was signed March 27, 2013, and provided work through March 27, 2016. (Complaint ¶¶ 20-21). Plaintiffs then allege that on May 16, 2013, LH was instructed to bring all FOH records and property to FOH offices the next day. (Complaint ¶ 66). At the meeting, FOH took possession of its property and the Human Services Director for STG (a subcontractor to FOH contractor InGen), Marcia Euwema, informed LH by telephone that "STG was terminating Dr. Hutchinson's contract effective immediately due to a 'security breach.'"[4] (Complaint ¶¶ 69-71, 76). Plaintiffs contend that they anticipated income of approximately $250,000 per year under the 2013 to 2016 contract.

---

[4] Although plaintiffs allege that on May 16, 2013, LH was ordered to report to FOH "the next day," and that the meeting was the next day, they allege that LH's services were terminated "on May 16, 2013." (Complaint ¶¶ 56-57, 76).

Plaintiffs further allege that "Defendants communicated to third parties that the Contract had been terminated due to a data breach" and a "confidential leak," and that the leak was attributed to LH. (Complaint ¶¶ 80-83). Plaintiffs implicitly assert that those alleged communications were false, contending that defendants "wrongfully stigmatized Plaintiff Hutchinson as the cause of a 'confidential leak' and … HIPAA data breach." (Complaint ¶ 1). They further assert that LH has lost other unidentified contracts and consulting opportunities, and that the unidentified third party communications about "the alleged breach or leak" have harmed his reputation as an expert and consultant. (Complaint ¶¶ 78-85).

## II. ARGUMENT AND CITATIONS OF AUTHORITY

A.   **Applicable Legal Standards**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see* Fed.R.Civ.P. 12(b)(1). In determining whether or not subject matter jurisdiction exists, a court is permitted to investigate widely and has authority to look beyond the pleadings and weigh the evidence to satisfy itself as to the existence of its power to hear the case. "In short, no presumptive truthfulness attaches to plaintiffs' allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)(per curiam). Additionally, "[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to

prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).

Under the doctrine of sovereign or governmental immunity, the United States is immune from suit except to the extent that immunity has been expressly waived by statute. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The United States can be sued only by its permission, and only by procedures set forth by Congress. *United States v. Dalm*, 494 U.S. 596,(1990); *Lehman*, 453 U.S. at 160; *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Thus, absent an express statutory waiver, a court lacks subject matter jurisdiction to entertain an action against the United States, and the action must be dismissed. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 317 (7th Cir. 1994); *Hawkins v. United States*, 375 F.2d 239 (10th Cir. 1967); *Daniel v. United States of America*, 891 F.Supp. 600, 603 (N.D.Ga. 1995).

## B.   The Court Lacks Subject Matter Jurisdiction of Tort Claims

The United States has provided a limited waiver of sovereign immunity from suit with respect to certain torts committed by federal government employees and has set forth the limits and conditions of that waiver in the FTCA. 28 U.S.C. §§ 2671, *et seq*. "[T]his waiver 'must be scrupulously observed, and not expanded, by the courts.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir.

2008)(quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). Multiple limitations to the FTCA's waiver of immunity require dismissal of plaintiffs' tort claims.

The FTCA provides that tort claims based on acts or omissions of federal employees within scope of employment can be brought only against the United States and may not be brought against a government employee or a federal agency in its own name. 28 U.S.C. § 2679(a), (b)(1). Plaintiffs have not named the United States as a defendant in this case. Instead, they seek to advance their FTCA claims against FOH and one or more unidentified "Doe" employees of FOH in individual or official capacity. The government's waiver of sovereign immunity does not allow such indirect suits against the United States through its agencies or employees (whether in an official or individual capacity). Therefore, the court lacks jurisdiction to entertain any of plaintiffs' claims under the FTCA set out in Counts 7 through 10 of the Complaint, and those claims must be dismissed.[5]

Even if the Court should determine that plaintiffs' failure to name the United States as defendant is not a jurisdictional defect, all of plaintiff's tort claims should be dismissed for failure to exhaust administrative remedies before filing suit. A suit under the FTCA "shall not be instituted … unless the claimant shall have first

---

[5] FOH notes that, in the event plaintiffs show (contrary to their allegations in paragraph 7 of the Complaint) that their claims in Counts 9 and 10 are against a person who was not a federal employee or a person who was a federal employee but was not acting within scope of federal employment, then FOH's motion to dismiss would not apply to those claims.

presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail," or until at least six months have passed after the claim was presented to the appropriate agency.  28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).  "Where Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1088, 117 L.Ed.2d 291 (1992).  Thus, "[b]ecause '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' the district court lacks subject matter jurisdiction over prematurely filed suits."  *Turner ex rel. Turner v. United States*, 514 F.3d at 1200 (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency....").

The complaint does not allege that plaintiffs met the jurisdictional prerequisite to exhaust FTCA administrative remedies for their claims prior to filing suit.  Furthermore, as shown by the attached declaration of Daretia M. Hawkins, a Senior Attorney in the Office of the General Counsel, Claims and Employment Law Branch, plaintiffs in fact have not filed an administrative FTCA claim with HHS as required by the FTCA and applicable regulations.  (Def. ex. 1 at ¶¶ 2-7).  Furthermore, even if plaintiffs could show that they properly submitted

an administrative claim with HHS on the date their claims accrued -- May 17, 2013, or later depending on the date of the alleged wrongful third party communications, in the absence of a final decision denying their claims, they were not permitted to sue until after passage of six months from the submission date, and could not file suit until after November 17, 2013.

In sum, plaintiffs failed to exhaust administrative remedies by prematurely filing suit October 28, 2013, without first submitting an administrative claim and then also waiting for a final decision or passage of six months from claim submission with no decision. Thus, due to plaintiffs' failure to exhaust their administrative remedies under the FTCA prior to filing suit in this case, the district court lacks jurisdiction to hear plaintiffs' tort claims against the United States and those claims in Counts 7 to 10 of the Complaint must be dismissed. *McNeil v. United States*, 508 U.S. at 113 (It is well established that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,"); *Turner ex rel. Turner v. United States*, 514 F.3d at 1200 (District court lacks subject matter jurisdiction over prematurely filed suits).

Additionally, the United States expressly excluded from the FTCA waiver of immunity from suit any claim arising out of libel, slander, misrepresentation, deceit, or interference with contract rights.  28 U.S.C. § 2680(h).  Plaintiffs' tort claims all assert interference with business opportunities, (Complaint at Counts 7-10 & ¶ 84), for which they seek relief enjoining defendants from interfering with

plaintiffs' ability to engage in contracts, (Complaint at Prayer for Relief ¶ (h)), and those claims are precluded by section 2680(h).  Thus, this section also deprives the Court of jurisdiction over plaintiffs' tort claims.

### C. District Court Lacks Jurisdiction of Contract Claims

FOH is also entitled to dismissal of plaintiffs' claims based on an alleged contract on the grounds that the district court does not have subject matter jurisdiction over those claims.  FOH shows that the limited waivers of sovereign immunity in the Tucker Act and Little Tucker Act bar the district court from exercising jurisdiction over plaintiffs' claims.

As noted above, plaintiffs have named FOH -- directly and through official capacity claims against an unknown FOH employee[6] -- as a defendant based on alleged breach of a contract HC had entered with STG.  Plaintiffs contend that defendants caused a breach of their contract in a way that deprived them of due process and equal protection.  (Complaint at Counts 1 to 6).  Plaintiffs further contend that they anticipated income of $250,000 a year under the multi-year contract HC had with STG.  Plaintiffs' Complaint seeks as relief on contract claims (1) reinstatement of HC's contract with STG, (2) injunctive relief preventing FOH from preventing it from engaging in the STG contract or any other federal

---

[6] As noted above, this motion does not address those individual capacity claims in Counts 4 to 6 of the Complaint against individual capacity defendant Doe.

contracts, (3) compensatory damages, and reinstatement of LH's security clearance he held while conducting clearance reviews. (Complaint at Prayer for Relief).

Since plaintiffs allege that they had a contract with FOH, apparently based on an agreement with STG to provide services STG had contracted with InGen to provide for the benefit of FOH, their claims against FOH under Counts 1 to 6 are all "claims by a contractor against the government relating to a contract," and thus are subject to The Contract Disputes Act of 1978, 41 U.S.C. §§ 601, *et seq.* ("CDA").

> With the enactment of the Contract Disputes Act of 1978, Congress provided a comprehensive statutory system of legal and administrative remedies to resolve all disputes arising from government contracts. The CDA provides for appeals to either the agency board of contract appeals or to the United States Claims Court, and specifically abolishes the jurisdiction of the federal district courts to hear claims "founded upon any express or implied contract with the United States" which is subject to the CDA.

*Management Science America, Inc. v. Pierce*, 598 F.Supp. 223, 225 (N.D. Ga. 1984), *aff'd*, 778 F.2d 792 (11th Cir. 1985). Statutes defining courts' jurisdiction confirm that the district courts do not have jurisdiction over CDA claims. The Tucker Act, 28 U.S.C. § 1491, provides that

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the *Constitution, or* . . . any *express or implied contract* with the United States . . . . The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, including a dispute concerning termination of a contract, rights in tangible or intangible property, compliance with cost accounting standards, and other nonmonetary

> disputes on which a decision of the contracting officer has been issued under section 6 of that Act.

28 U.S.C. § 1491(a)(1), (2) (emphasis added). This statute, read with the Little Tucker Act, 28 U.S.C. § 1346(a)(2), confirms that the district courts do not have jurisdiction over CDA claims. Section 1346(a)(2) provides in relevant part that "the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978." *Id.* (emphasis added). *See Texas Health Choice, L.C. v. Office of Personnel Management*, 400 F.3d 895, 898 (Fed. Cir. 2005)(Court of Federal Claims has exclusive jurisdiction over CDA claims).

Plaintiffs allege an indirect relationship with FOH, which contracted with InGen, which sub-contracted with STG, which engaged HC to perform some clearances, which LH completed for HC. And they may argue that, rather than an actual contract with FOH, they had an implied contract.[7] However, that claim too sounds in contract, asserting an implied-in-fact contract. *United States v. Amdahl*, 786 F.2d 387 (Fed. Cir. 1986); *accord United Pacific Ins. Co. v. U.S.*, 464 F.3d 1325, 1329-30 (Fed. Cir. 2006). District courts have been expressly denied jurisdiction over both express and implied contract claims against the government,

---

[7] Plaintiffs' have not identified any contract with FOH for which any claim for enforcement or damages from a breach can be pursued. Thus, their claims in Counts 1 to 6 also would be subject to dismissal under Fed.R.Civ.P. 12(b)(6).

while the Court of Federal Claims has been expressly granted jurisdiction over such claims. *Compare* 28 U.S.C. § 1346(a)(2) *with* 28 U.S.C. § 1491(a)(1).

All of plaintiffs' claims in Counts 1 to 6 of the Complaint against FOH relate to an alleged breach of HC's contract by FOH, acting through one of its employees, that plaintiffs seek to enforce through ordered reinstatement and compensatory damages based on a $250,000 per year anticipated income. Those claims are covered by the CDA. Therefore, the district court does not have jurisdiction to hear plaintiffs' contract claims.

Even if plaintiffs could show that their constitutional claims related to the asserted contract breach are actually separate claims, the Tucker Act and Little Tucker Act still place jurisdiction exclusively in the Court of Federal Claims. Plaintiffs claim damages since May 17, 2013, of $250,000 a year, or more than $20,000 a month. Any constitutional claim for damages in excess of $10,000 must be brought in the Court of Federal Claims. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

The district court does not have jurisdiction over plaintiff's claims in Counts 1 to 6 of the Complaint against FOH or its employee in an official capacity. Therefore, those claims should be dismissed for lack of subject matter jurisdiction.[8]

---

[8] Dismissal rather than transfer to the Court of Federal Claims is appropriate in this case. The CDA provides that a contractor may appeal a contracting officer's final decision either to the Court of Federal Claims or, as an alternative to a judicial action, may appeal to the Civilian Board of Contract Appeals. Contract Disputes Act of 1978, §§ 7, 10(a)(1); 41 U.S.C.A. §§ 606, 609(a)(1). Plaintiffs have not alleged the existence of a "contracting officer's final decision" from which either appeal option may be chosen at this time. Additionally, dismissal for lack of subject matter jurisdiction in this court would not be a decision on the merits. Furthermore, HHS contract records reflect that HC

### D.     Sovereign Immunity Bars Claim for Punitive Damages

Plaintiffs have included a claim for punitive damages.  Sovereign immunity bars this claim.

Under the doctrine of sovereign or governmental immunity, the United States of America is immune from suit except to the extent that immunity has been expressly waived by statute.  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *accord United States v. Dalm*, 494 U.S. 596,(1990); *Lehman*, 453 U.S. at 160; *United States v. Testan*, 424 U.S. 392, 399 (1976).  Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute.  *Soriano v. United States*, 352 U.S. 270 (1957); *Fostvedt v. United States*, 978 F.2d 1201, 1202 (10th Cir. 1992), *cert. denied*, 113 S. Ct. 1589 (1993); *see United States Department of Energy v. Ohio*, 503 U.S. 607 (1992).  Thus, absent an express statutory waiver, a court lacks subject matter jurisdiction to entertain an action against the United States, and the action must be dismissed.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 317 (7th Cir. 1994); *Hawkins v. United States*, 375 F.2d 239 (10th Cir. 1967); *Daniel v. United States of America*, 891 F.Supp. 600, 603 (N.D.Ga. 1995).  Plaintiffs cannot identify any statute

---

has had one contract with FOH, which was executed in 2009, and was completed and closed in December 2012.  (Def. ex. 2 (Declaration of Contract Specialist Bettie L. Hartley) ¶¶ 1-6).  FOH has never entered into a contract with Dr. Leslie Hutchinson.  *Id.* ¶ 7.  Plaintiffs confirm that the contract at issue in this case was between STG and HC and was executed March 27, 2013.  (Complaint ¶¶ 20-21). Thus, even if plaintiffs could assert their contract claims in district court, the Complaint fails to state a claim.

waiving sovereign immunity for punitive damages claims against the United States or its officers and agencies. Accordingly, in the event plaintiffs' Complaint is not dismissed in its entirety, their demand for punitive damages against FOH, directly or indirectly, must be dismissed.

### III. CONCLUSION

For the foregoing reasons, FOH respectfully requests that this Court dismiss all claims advanced against by the plaintiffs against FOH and any employee of FOH in official capacity, and any tort claim advanced against any FOH employee in an individual capacity based on actions taken within the scope of federal employment for lack of subject matter jurisdiction. FOH further requests, in the event any claim against it, directly or indirectly, is not dismissed, that plaintiffs' demand for punitive damages on any claim against FOH be dismissed.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

*s/ R. David Powell*
R. David Powell
Assistant United States Attorney
Georgia Bar No. 586450
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
Voice: (404) 581-6000
Facsimile: (404) 581-4667