UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HUTCHINSON CONSULTANTS PC and DR. LESLIE HUTCHINSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action File No. 1:13-CV-3560-JEC |
| FEDERAL OCCUPATIONAL HEALTH, a NON-APPROPRIATED AGENCY WITHIN THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and JOHN or JANE DOE, in both his or her official and individual capacities, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS

I.    OVERVIEW

In this action, Plaintiffs assert a *Bivens*[1] action against federal employees of

the Federal Occupational Health. Plaintiffs bring this action because Defendants

engaged in conduct that violated substantive and procedural due process and equal

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 104.
403 U.S. 388 (1971).

protection rights under the 5th Amendment of the US Constitution.[2]   Plaintiffs pursue this *Bivens* action because the Defendants have committed constitutional torts, acts specifically excluded from coverage under the Federal Tort Claims Act (FTCA), and because the Defendants and Plaintiffs are not parties to a government contract, a prerequisite to the applicability of the federal contract regulatory and enforcement scheme.  Falling outside the FTCA, the Tucker Act and other dispute resolution models, the dispute underlying this action is not subject the jurisdictional prerequisites asserted in Defendants' Motion to Dismiss.

## II.   DEFENDANTS' MOTION TO DISMISS

### A.   Introduction.

Defendants do not raise questions regarding the viability of Plaintiffs' *Bivens* action.  Instead, Defendants simply argue that this action should be dismissed because:

1)      the Plaintiffs' claims are covered by the FTCA and Plaintiffs have not satisfied the jurisdictional thresholds of the FTCA; and

2)      the Plaintiffs' claims are contract in nature, subject to the exclusive jurisdiction of the courts and forums designed to address government contract

---

[2] Contemporaneous with the filing of this Response, Plaintiffs file a Motion For Leave to Amend Complaint that voluntarily dismisses Federal Occupational Health ("FOH"), the agency, as a Defendant and counts 1-3 and 7-10.  The remaining counts assert against John and Jane Doe, employees of FOH, violations of procedural and substantive due process and equal protection guaranteed under the Fifth Amendment.

disputes under the Contract Disputes Act of 1978 and the Tucker Act.  Because Defendants limit their arguments to the jurisdictional impact of the FTCA and to whether this action involves a government contract claim, the appropriateness of the Plaintiffs' action as a *Bivens* action is not before the Court.

As for the merits of Defendants' Motion to Dismiss,

1)      Plaintiffs' constitutional tort claims are specifically excluded from coverage under the FTCA.  Therefore, satisfaction of the FTCA jurisdictional threshold is immaterial; and

2)      Plaintiffs and Defendants are not parties to a government contract. Therefore, resolution of this action's underlying dispute is not limited to forums having jurisdiction under the Contracts Dispute Act and the Tucker Act.

For these reasons, Plaintiffs oppose Defendants' Motion to Dismiss and respectfully request that the Motion be denied.

## B.  Civil Actions For Constitutional Violations Are an Express Exception to FTCA Immunity.

28  U.S.C. § 2679(b)(1) provides that the FTCA's remedy against the United States is "exclusive of any other civil action or proceeding,"  However, Congress, in enacting the Westfall Act amendments (102 Stat. 4563) to the FTCA, provided an  exception for constitutional violations in which the 2679(b)(1) immunity "'does not extend or apply to a civil action against an employee of the Government …

brought for a violation of the Constitution of the United States.' § 2679(b)(2)(A)."[3]

The Supreme Court has described this exception as "[t]he Westfall Act's explicit

exception for *Bivens* claims".[4]  All three counts in the Amended Complaint are

*Bivens* claims because they assert against John and Jane Doe, employees of FOH,

violations of procedural and substantive due process and equal protection

guaranteed under the Fifth Amendment.  Consequently, Defendants' arguments

regarding satisfaction of the jurisdictional threshold for 2679(b)(1) claims are

immaterial and inapplicable to the *Bivens* claims raised by Plaintiffs.

## C.  Plaintiffs' Claims Are Not Contractual.

Defendants mistakenly construe the Plaintiffs' claims in the Amended

Complaint as contractual.  The Court's jurisdiction over Plaintiffs' claims is not

undermined by The Contract Disputes Act of 1978, 41 U.S.C. §§ 601, et seq. (the

"CDA").  The CDA does not provide a cause of action for Plaintiffs' claims.  The

Plaintiffs have not put before this Court any claim that alleges a contract exists

between either of the Plaintiffs and FOH or the Federal government and has not

alleged that it is a party to a government contract, as required by the CDA.

A prerequisite of the permissive suit waiver given by the Federal

government under the CDA is that the party bringing a claim must be in privity of

contract with the Government.  Those who are not in privity of contract with the

---

[3] Hui v. Castaneda, 559 US ____, 130 S. Ct. 1845, 1851, 176 L.Ed.2d 703 (2010).
[4] Id.

government generally cannot avail themselves of the CDA appeal provisions.  41

U.S.C.A. §§ 7101(7), 7104(a), 7104(b)(1).  *See*, *Council for Tribal Employment*

*Rights v. U.S.*, 112 Fed.Cl.231 (2013).

      The CDA does not apply in this instance, as the relationship between FOH

and Plaintiffs was in terms of contract structure, admittedly indirect, as the

government agency FOH contracted directly with InGenesis, Inc. ("InGenesis")

which subcontracted to STG International, Inc. ("STG"), which in turn contracted

directly with Plaintiff Hutchinson Consultants, PC.  It was held in *Lockheed*

*Martin Corp. v. U.S.* that generally subcontractors do not have rights under the

CDA because of this lack of contractual privity with the government.  *See,*

*Lockheed Martin Corp. v. U.S.,* 50 Fed.Cl. 550 (2001).   This same case held that a

subcontractor is not in privity with the government, when the government did not

sign the subcontract and the government was not listed as a party in the

subcontract.  Plaintiffs do not contend that a contract was entered into directly

between FOH and Plaintiffs, and thus this primary requirement for evoking rights

or making a claim under the CDA is not pled by Plaintiffs in their Complaint.

      There is no contention that either of the Plaintiffs executed the prime

contract entered into between FOH and InGenesis.  Unless a litigant is a signatory

to the prime contract, which the Plaintiffs were not, then there is no privity of

contract.  Plaintiffs allege no direct contract with the government.  Plaintiffs cannot

establish themselves as a signatory to the prime contract, which is the InGenesis

contract made directly with FOH, and without this direct privity of contract with

FOH, the Plaintiffs cannot, and do not attempt in this action, to establish

jurisdiction under the basis of the CDA.  The CDA does not provide any source of

reliable review or relief to Plaintiffs in this situation as the CDA does not provide

Plaintiffs with relief, and would not confer jurisdiction at the exclusive forums

governing disputes of government contracts.  With no direct privity of contract,

there is no role for the CDA to play in the Court's analysis of this matter.  The

CDA does not provide Plaintiffs with relief, and would not confer jurisdiction as

the exclusive forum governing disputes of government contracts.

The Tucker Act does, under specific conditions, waive the Federal

government's sovereign immunity. *U.S. v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct.

1349, 1351, 63 L.Ed.2d 607 (1980).  Courts have consistently recognized privity of

contract as a prerequisite to maintaining a Tucker Act suit against the Federal

government. *Erickson Air Crane Co. v. U. S.,* 731 F.2d 810, 813 (Fed.Cir.1984).

*Thomas Funding Corp. v. U.S.,* 15 Cl.Ct. 495, 499 (1988).  Only parties that have

formed an express or implied contract with the Federal government may bring suit

under the Tucker Act. *U.S. v. Johnson Controls, Inc.,* 713 F.2d 1541, 1550

(Fed.Cir.1983).  Subcontractors are not in privity with the government and have

been foreclosed from bringing a direct action.  *Id.* at 1550.

Both the CDA and the Tucker Act require a direct contractual relationship before these statutes confer a right of action.  The Plaintiffs have not put before this Court any claim that alleges a contract exists between the Plaintiffs and FOH or the Federal government, and have not alleged that Plaintiffs have a government contract, express or implied, as required by the CDA and the Tucker Act.  The Court's jurisdiction over Plaintiffs' claims is not undermined by the CDA or the Tucker Act because these statutes do not provide a cause of action for Plaintiffs' claims.

**D.  Punitive Damages Available For *Bivens* Claims.**

Plaintiffs have asserted three *Bivens* claims.  Punitive damages may be awarded in a *Bivens* action[5]; therefore, Defendants' contention that sovereign immunity bars the award of punitive damages is immaterial to the *Bivens* claims.

**III.   CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Defendants' Motion to Dismiss be denied in its entirety.

Respectfully submitted this 4th day of February, 2014.

/s/ E. Ray Stanford, Jr.
E. Ray Stanford, Jr.
Georgia Bar No. 674725
Baylor B. Banks
Georgia Bar No. 036155

---

[5] Carlson v. Green, 446 U.S. 14, 22, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980).

Stanford IO Law Group, LLC
Fifteen Piedmont Center
3575 Piedmont Road NE, Suite 1030
Atlanta, GA 30305
Telephone:  404-991-7300
Facsimile:  404-991-7299
rstanford@siolaw.com
bbanks@siolaw.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HUTCHINSON CONSULTANTS PC<br>and DR. LESLIE HUTCHINSON, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) <br> ) | **Civil Action File No.** |
| v. | ) <br> ) | **1:13-CV-3560-JEC** |
| FEDERAL OCCUPATIONAL HEALTH, a<br>NON-APPROPRIATED AGENCY<br>WITHIN THE UNITED STATES<br>DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, and<br>JOHN or JANE DOE, in both his or her<br>official and individual<br>capacities, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) <br> ) | |

**CERTIFICATE OF SERVICE**

This is to certify that on this 4th day of February, 2014, I electronically filed PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Sally Quillian Yates
United States Attorney
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303

R. David Powell
Assistant United States Attorney
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303

9

/s/ E. Ray Stanford, Jr.
E. Ray Stanford, Jr.
Georgia Bar No. 674725